UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELIO HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BIRKHOLTZ and FEDERAL MEDICAL CENTER ROCHESTER,<br><br>Respondents. | Case No. 18-cv-0742 (MJD/HB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Elio Hernandez's petition for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1.] This Court has conducted a preliminary review of the petition under Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, the Court finds that Hernandez's current challenge to his 2007 federal prison sentence cannot be brought in a § 2241 habeas petition, and the case should therefore be dismissed without prejudice for lack of jurisdiction.

In 2008, Hernandez pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute drugs in violation of federal drug laws and was sentenced to an

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b).

enhanced sentence under the career offender sentencing guidelines.  *See* 21 U.S.C. §§ 841 and 846; *United States v. Hernandez*, No. 08-cr-014 (MJD/SRN), 2014 WL 5361990, at *1 (D. Minn. Oct. 21, 2014).  "Hernandez had a criminal history category III based on two prior convictions and a total offense level of 39, which resulted in an advisory guideline range of 324-405 months."  *United States. v. Hernandez*, 354 F. App'x 277, 277 (8th Cir. 2009).  Hernandez's request for downward departure was denied, and he was ultimately sentenced to 360 months.  *Id*.  On direct appeal, Hernandez challenged the sentencing court's drug quantity determination and the denial of his request for a downward departure.  *Id*.  The Eighth Circuit Court of Appeals affirmed.  *Id*.

In 2014, Hernandez moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which held that certain facts that increase a mandatory minimum sentence must be found beyond a reasonable doubt by a jury.  *Hernandez*, 2014 WL 5361990, at *1, 3.  The sentencing court denied Hernandez's § 2255 motion because *Alleyne* did not apply retroactively, and, even if it did, Hernandez would not benefit from it because it did not apply to guideline calculations that did not increase a mandatory minimum sentence.  *Id*. at *3.

Hernandez now brings a petition for habeas relief pursuant to 28 U.S.C. § 2241 asserting that his confinement is unconstitutional based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  "In *Mathis*, the Court dealt with the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which, like the advisory Guidelines career-offenders provision . . . calls for enhanced

2

punishment when a defendant has previously been convicted of certain types and numbers of offenses." *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (internal citations and quotations omitted). "[B]ecause 'it is impermissible for a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case, the sentencing judge may look only to the elements of the offense, not to the facts of the defendant's conduct.'" *Id.* (quotations omitted). *Mathis* involved the "proper determination of whether the defendant's prior convictions are of the type that constitute proper predicates for enhancement." *Washington,* 868 F.3d at 65.

"[A] collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)). If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill*); *see also* 28 U.S.C. § 2255(e) (a habeas petition from a federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The court of incarceration has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective." *Hill*,

3

349 F.3d at 1090.  The "inadequate or ineffective" language in 2255(e) is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because it can save a § 2241 habeas petition from being dismissed.  The prisoner has the burden of establishing that § 2255 is inadequate or ineffective.  *Hill*, 349 F.3d at 1091.

    For a petitioner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*).  In other words, § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire."  *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); *see also Abdullah*, 392 F.3d at 959.  Notably for purposes of this case, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *Lurie*, 207 F.3d at 1077-78, for proposition that § 2255 was adequate because "all of the claims asserted could have been maintained in a timely § 2255 motion or on direct appeal").  "The savings clause does not apply unless the prisoner shows that he 'never had an unobstructed procedural opportunity to raise the claim.'"  *Clark v. United States*, No. 17-cv-2040 (SRN/DTS), 2017 WL 4685064 (D. Minn. Oct. 16, 2017) (dismissing § 2241 petition based on *Mathis* because the law did not change after petitioner's § 2255 motion)

4

Although the Eighth Circuit and the United States Supreme Court have not delineated the precise contours of the savings clause, challenges like Hernandez's based on *Mathis* do not meet the high bar.  Hernandez's "reliance on *Mathis* is [therefore] misplaced, because *Mathis* did not create a new rule of law that [he] could not have raised in his § 2255 motion."  *See Clark*, 2017 WL 4685064, at *2; *see also, e.g., Washington,* 868 F.3d at 65 (the holding of *Mathis* "was not based on the Constitution and was based on a rule applied for decades"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("the Supreme Court explicitly state in Mathis that it was not announcing a new rule"); *Chavis v. United States*, No. 17-cv-1823 (DSD/KMM), 2018 WL 1378756, at *2 (D. Minn. Mar. 19, 2018); *Rodolfo v. Bell*, No. 17-cv-3066 (DWF/TNL), 2018 WL 734047, at *4 (D. Minn. Jan. 10, 2018); *Trice v. United States*, No. 17-cv-1995 (DWF/LIB), 2017 WL 4685062 (D. Minn. Oct. 16, 2017); *Hubbard v. LaRiva*, No. 17-cv-1805 (WMW/BRT), 2017 WL 8944026, at *2 (D. Minn. July 28, 2017); *Blake v. United States*, No. 17-cv-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017) ("*Mathis*, however, does not represent a change in the law; instead, its decision was dictated by decades of prior precedent.").

Hernandez has failed to show that the savings clause applies in order to establish subject matter jurisdiction over his petition.  The Court therefore recommends the petition be dismissed without prejudice.

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**; and

2.   This action be **DISMISSED without prejudice** for lack of jurisdiction.

Dated:  May 8, 2018                              s/ *Hildy Bowbeer*
                                                 HILDY BOWBEER
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).